The opinion of the Court was delivered by
Cheves, J.
As the presiding judge has made no report of the evidence, and the counsel in the case have not agreed on the facts, the actors in this motion, can only have *the advantage of the general question of law, viz.: Can money, deposited by the winner, in the hands of a stakeholder, be recovered frornthe stakeholder, who has had notice not to pay it over 1
The negative of this question must be well sustained by authority, or it must be abandoned. On principle, it is utterly indefensible. If the wager were to be considered as legal, after the verdict has established the plaintiff to be the winner, what pretence could the defendant have for retaining the money ? If, as we have determined, it was illegal, it must either give the defendant the right to retain money, to which he has not the shadow of a claim, or to pay it over to a party to the guilty transaction, to whom it is denied on principles of honor, as well as principles of law. Neither could be tolerated, and therefore the plaintiff ought, on principles, to recover. The authorities concur. Lacaussade v. White, (7 T. Rep. 531. S. C. 2 Esp. Ca. 629.) It is otherwise, where the money has been fairly paid over. But there can be no distinction between a ease, where the money remains in the hands of a stakeholder, and one, where, as in this case, he has paid it over, after notice not to do so.
In cases of illegal transactions, money may always be stopped, while in transitu to the person who is entitled to receive it as the result of his illegal success ; Edgar v. Fowler, (3 East, 222,) a fortiori, it may be stopped, where the caprice of fortune has concurred with the law. The *107 maxim melior est conditio possidentis, does not apply to the case. The motion for a new trial is unanimously refused. ,
All the judges concurred.